**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 02-cv-1625-REB-MJW

BROADCAST MUSIC, INC., et al.,

    Plaintiffs,

v.

JOHN HARVEY REES d/b/a RADIO STATION KEJI-FM, and individually,

    Defendant.

## ORDER GRANTING AMENDED MOTION FOR REVIVAL OF JUDGMENT

**Blackburn, J.**

The matter is before me on plaintiffs' **Amended Motion for Revival of Judgment** [#17],[1] filed August 20, 2015. I grant the motion.

Default judgment in the amount of $85,079, plus attorney fees, costs, and interest from the date of the judgment, was entered in favor of plaintiffs against defendant on November 22, 2002. (See Judgment [#13], filed November 22, 2002.) Plaintiffs represent that the judgment remains wholly unsatisfied and that defendant has communicated, through counsel, his unwillingness to satisfy the judgment. Plaintiffs obtained a **Certificate of Judgment for Lien Upon Land and Tenements** [#14], filed February 4, 2003, which subsequently was recorded in the real estate records of Gunnison County, Colorado. Under Colorado law, however, the judgment lien expired after six years. *See* §13-52-102(1), C.R.S. Plaintiffs therefore move to revive the

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

judgment so that they may obtain a new lien on the real property, if any, of defendant in Gunnison County.

Federal Rule of Civil Procedure 69 provides that proceedings supplemental to and in aid of judgment or execution must accord with the procedure of the state where the court is located. See **FED. R. CIV. P.** 69(a)(1).[2]  Specifically, Rule 54(h) of the Colorado Rules of Civil Procedure provides:

> A judgment may be revived against any one or more judgment debtors whether they are jointly or severally liable under the judgment.  To revive a judgment a motion shall be filed alleging the date of the judgment and the amount thereof which remains unsatisfied.  Thereupon the clerk shall issue a notice requiring the judgment debtor to show cause within 14 days after service thereof why the judgment should not be revived. The notice shall be served on the judgment debtor in conformity with Rule 4.  If the judgment debtor answer, any issue so presented shall be tried and determined by the court.  A revived judgment must be entered within twenty years after the entry of the judgment which it revives, and may be enforced and made a lien in the same manner and for like period as an original judgment.

**C.R.C.P.** 54(h).  Concluding that plaintiffs' motion adequately alleged the matters required by Rule 54(h), I issued an **Order To Show Cause** [#18], filed October 1, 2015, directing the defendant/judgment debtor to show cause why the judgment should not be revived.  Defendant/judgment debtor timely filed his response to that show cause order. (*See* **Defendant's Response to Order To Show Cause** [#20], filed October 14, 2015.) As contemplated by the Rule, I must determine the merits of the issues presented by that response.

---

[2] No federal statute applies in this case.  **See FED. R. CIV. P.** 69(a)(1).

None of the arguments defendant raises in his response is sufficient to negate plaintiffs' right to a revival of their judgment. Defendant's suggestions that plaintiffs have been dilatory in attempting to collect the judgment runs contrary to the plain language of the Rule, which permits a judgment to be revived at any time within twenty years of the date of the original entry of judgment. While defendant's unsubstantiated suggestion that he is not the proper party defendant may provide grounds for setting aside the default judgment once revived, it is not sufficient to avoid revival of the judgment in the first instance.[3] Likewise, defendant's argument that the amount of the judgment is excessive is cognizable (if at all) only if the judgment is set aside post-revival.[4] Finally, defendant's attempts to settle this matter and his alleged inability to pay the judgment in full are simply not part of the court's calculus under Rule 54(h).

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Order To Show Cause** [#18], filed October 1, 2015, is discharged;

2. That plaintiffs' **Amended Motion for Revival of Judgment** [#17], filed August 20, 2015, is granted; and

3. That the **Judgment** [#13], filed November 22, 2002, is revived pursuant to Fed. R. Civ. P. 69(a)(1) and C.R.C.P. 54(h), on the terms set forth in the original judgment.

---

[3] The court expresses no opinion on the validity *vel non* of any argument that defendant might advance in support of any such motion, assuming further that such a motion would be considered timely within the meaning of Rule 60(c)(1). *See* FED. R. CIV. P. 54(c) & 60(b)-(c).

[4] Moreover, defendant's suggestion that he cannot possibly owe plaintiffs $85,000 based on the amount he paid in licensing fees to plaintiff Broadcast Music, Inc., in 2001 (**Resp.** ¶ e at 3) ignores that the judgment encompassed 27 counts of copyright infringement, each of which carried a statutory penalty of $3,000 (or $81,000 total), plus attorney fees, costs, and pre- and post-judgment interest. (*See* **Judgment** [#13], filed November 22, 2002.)

Dated October 23, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge